UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DOMINIC S. VENTIMIGLIA,

      Plaintiff,

  v.

WELLS FARGO BANK, N.A.; CAL-WESTERN RECONVEYANCE CORPORATION,

      Defendants.
_____/

NO. CIV. 2:13-00953 WBS CMK

MEMORANDUM AND ORDER RE: MOTION TO DISMISS

----oo0oo----

      Plaintiff Dominic S. Ventimiglia brought this action against Wells Fargo Bank, N.A. ("Wells Fargo"), Cal-Western Reconveyance Corporation ("Cal-Western"), and does one through fifty, in connection with the foreclosure and possible sale of his home. Wells Fargo now moves to dismiss the Complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

I.   <u>Relevant Facts and Procedural Background</u>

      Plaintiff is the purchaser of real property at 5131

1

East Bonneyview Road, Redding, California (the "Subject Property"). (Notice of Removal Ex. 1 ("Compl.") (Docket No. 1-1).) On December 29, 2006, plaintiff allegedly sought to refinance the property through World Savings Bank ("WSB") to pay off an existing mortgage. (Id. ¶ 6.) Plaintiff alleges that he was initially approved for an adjustable interest rate loan that started at eight percent interest and was capped at approximately twelve percent interest. (Id. ¶ 7.) Plaintiff was then allegedly approved for a fixed rate loan and a new Deed of Trust for $169,600 was recorded. (Id. ¶ 8.) WSB was allegedly acquired by Wachovia Mortgage, who was in turn acquired by Wells Fargo. (Id. ¶¶ 16-17.)

Plaintiff alleges that problems with timely withdrawal from his bank account led to late payments and a lowered credit rating. (Id. ¶ 19.) Plaintiff then allegedly engaged in the loan modification process with Wells Fargo until at least July 7, 2012. (Id. ¶¶ 22-24, 29-30, 38.) Cal-Western was allegedly substituted for Golden West Savings Association Service Co. as trustee under the Deed of Trust on October 31, 2012, and immediately thereafter recorded a Notice of Default. (Id. ¶¶ 31, 36.) Cal-Western allegedly mailed a copy of the unrecorded Notice of Trustee's Sale to plaintiff on February 22, 2013, and recorded a Notice of Trustee's Sale on February 25, 2013 with a sale date of March 14, 2013. (Id. ¶¶ 39-40.)[1]

---

[1] Cal-Western filed a declaration of non-monetary status in state court under California Civil Code section 2924l, which was not opposed within the fifteen-day objection period. (Notice of Removal Ex. 3 (Docket No. 1-3).)
    On June 26th, 2013, the court received notice of Cal-

2

On March 13, 2013, plaintiff brought the following state law claims in California Superior Court for the County of Shasta: (1) breach of the Trust Instrument; (2) wrongful foreclosure; (3) unfair competition under California Business and Professions Code sections 17200 et seq. ("UCL"); (4) negligent misrepresentation; (5) quiet title; and (6) negligent infliction of emotional distress.  The state court granted plaintiff's motion for a temporary restraining order enjoining sale of the Subject Property.  (Docket No. 1-2.)  Before the scheduled hearing on the preliminary injunction, Wells Fargo removed the

---

Western's bankruptcy.  (Docket No. 16.)  Title 11 U.S.C. § 362(a)(1) automatically stays the commencement or continuation of judicial proceedings against a debtor, subject to certain narrow exceptions.  "In the absence of special circumstances, stays pursuant to § 362(a) are limited to debtors and do not include non-bankrupt co-defendants."  Ingersoll-Rand Fin. Corp. v. Milling Mining Co., 817 F.2d 1424, 1427 (9th Cir. 1987).  Whether a court should stay an under § 362(a) action against a trustee who has filed for non-monetary status without objection appears to be a matter of first impression.
    One of the functions of the automatic stay is "to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding."  In re Stringer, 847 F.2d 549, 551 (9th Cir. 1988).  Non-monetary status provides that the trustee "shall not be subject to any monetary damages as and for damages, attorney's fees or costs," Cal. Civ. Code § 2924l(d), and plaintiff confirmed at oral argument that it did not foresee a monetary claim against Cal-Western.  In addition, some courts have recognized the limited role of a non-monetary trustee in mortgage litigation and have accordingly disregarded its citizenship in determining diversity jurisdiction upon removal.  See, e.g., Ruiz v. Suntrust Mortg., Inc., No. 1:12-cv-00878-LJO-JLT, 2012 WL 2994095, at *4 (E.D. Cal. July 20, 2012); Cabriales v. Aurora Loan Servs., No. C 10-161 MEJ, 2010 WL 761081, at *2 (N.D. Cal. Mar. 2, 2010) (James, Magistrate J.).
    Because there is no threat that Cal-Western will face any adverse consequences a judgment in this action and the remaining parties agree that Cal-Western's participation as a party is not required, the court declines to stay the action as against the other defendants because of Cal-Western's bankruptcy.  For similar reasons, the court also disregards Cal-Western's citizenship in determining diversity jurisdiction.

case to federal court.[2]

During the briefing on this motion, plaintiff requested and was granted a substitution of attorney. (Docket Nos. 10, 12, 13.)

II. Discussion

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). In deciding whether a plaintiff has stated a claim, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416

---

[2] Wells Fargo removed the action from state court under both diversity jurisdiction and federal question jurisdiction based on an argument that plaintiff's claims were brought under the Home Affordability Modification Program ("HAMP"). See Notice of Removal at 2-16 (Docket No. 1).) Plaintiff contests federal question jurisdiction, since his claims are state law claims. (Pl.'s Opp'n at 1:26-2:1 (Docket No. 11).) Plaintiff does not, however, contest diversity jurisdiction. (Id. at 1:24-26.)

This court has recently addressed the question of whether diversity jurisdiction exists between a plaintiff who is a California resident and defendant Wells Fargo. See Hopkins v. Wells Fargo Bank, N.A., No. CIV. 2:13-00444 WBS JFM, 2013 WL 2253837, at *2 n.2 (E.D. Cal. May 22, 2013) (Shubb, J.). There, as here, no motion to remand to the state court was made. Thus the court similarly "declines to sua sponte decide the unsettled issue of where a bank is 'located' for [28 U.S.C.] § 1348 purposes." Id.

4

U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).

    A.    Lack of Assignment

Plaintiff's claims for breach of the Trust Instrument, wrongful foreclosure, UCL, and quiet title generally allege that the Deed of Trust to the Subject Property has not been assigned to Wells Fargo, and thus Wells Fargo is not the "real party in interest" to request foreclosure of the property. (See Compl. ¶¶ 42(c), 47, 50, 56, 66a-d, 79.)

In support of its argument that no assignment was necessary and Wells Fargo holds the right to foreclose upon plaintiff's Deed of Trust, Wells Fargo requests judicial notice of the following documents: (1) WSB's Certificate of Corporate Existence, dated April 21, 2006, and issued by the Office of Thrift Supervision, Department of the Treasury ("OTS"), (Def.'s Req. for Judicial Notice ("RJN") Ex. C (Docket No. 7-5)); (2) a letter dated November 19, 2007, from OTS to the Vice President and Assistant General Counsel of Wachovia Corporation reflecting amendment of the bank's charter and bylaws to change its name from World Savings Bank, FSB to Wachovia Mortgage, FSB, (id. Ex. D (Docket No. 7-6)); (3) a Secretary's Certificate for Wachovia certifying that the attached Charter of Wachovia became effective on December 31, 2007, (id. Ex. E (Docket No. 7-7)); (4) a November 1, 2009, letter from the Comptroller of the Currency, Administrator of National Banks, to the Vice President of Wells Fargo reflecting the conversion of Wachovia to a national bank with the name Wells Fargo Bank Southwest and its merger with

5

Wells Fargo, effective November 1, 2009, (id. Ex. F (Docket No. 7-8)).

This court has previously taken judicial notice of these documents in a similar case, see Ferguson v. Wells Fargo Bank, N.A., Civ No. 2:12-2944 WBS GGH, 2013 WL 504709, at *2-3 (E.D. Cal. Feb. 8, 2013), and will do so again for the same reasons. See also Wolf v. Wells Fargo Bank, N.A., No. C11-01337 WHA, 2011 WL 4831208, at *2 (N.D. Cal. Oct. 12, 2011) (taking notice of similar documents).

The documents subject to judicial notice show that on or about December 31, 2007, WSB changed its name to Wachovia Mortgage, FSB.  Effective November 1, 2009, Wachovia Mortgage, FSB merged with and into Wells Fargo.  Wells Fargo is thus the successor-in-interest to Wachovia Mortgage, FSB, which was the successor-in-interest to WSB.  Wells Fargo therefore holds the right to foreclose upon the Subject Property under the Deed of Trust.

Because plaintiff has failed to allege facts amounting to a plausible claim that Wells Fargo is not a "real party in interest" under the Deed of Trust, Wells Fargo's motion to dismiss plaintiff's claims for breach of the trust instrument, wrongful foreclosure, unfair competition, and quiet title based upon the fact that Wells Fargo is not the real party in interest under the Deed of Trust will accordingly be granted with prejudice.

B.   Failure to Discuss Foreclosure Alternatives

In addition to alleging lack of assignment, plaintiff's claims for wrongful foreclosure and unfair competition further

1 allege that Wells Fargo failed to adequately discuss foreclosure
2 alternatives pursuant to California Civil Code section 2923.5.
3 (Compl. ¶¶ 61 & 66(g).)  Section 2923.5 requires the mortgage
4 servicer, mortgagee, beneficiary, or authorized agent to "contact
5 the borrower in person or by telephone to assess the borrower's
6 financial situation and explore options for the borrower to avoid
7 foreclosure" at least thirty days before filing a Notice of
8 Default.  Cal. Civ. Code § 2923.5(b).  Section 2923.5 does not
9 create an affirmative obligation on a lender to offer a loan
10 modification.  Clerk v. Telesis Cmty. Credit Union, EDCV 12-
11 01152-CJC(DTBx), 2013 WL 3071250, at *4 (C.D. Cal. June 18,
12 2013).

13         While plaintiff's wrongful foreclosure claim alleges in
14 conclusory terms that Wells Fargo failed to adequately comply
15 with its obligations under section 2923.5, the facts in the body
16 of the Complaint plainly contradict this allegation.  Earlier in
17 the Complaint, plaintiff alleges that he engaged in the loan
18 modification process with "home preservation specialists" from
19 Wells Fargo Bank, and that the home loan modification process
20 continued until at least July 7, 2012.  (Compl. ¶¶ 22-24, 38.)
21 On October 31, 2012, well over thirty days past July 7, plaintiff
22 allegedly received a notice of default.  (Id. ¶ 37.)  Here, as in
23 Clerk v. Telesis Community Credit Union, "[p]laintiffs admit that
24 they engaged in loan modification discussions . . . ;
25 [p]laintiffs were simply unhappy with the results of those
26 discussions."  Clerk, 2013 WL 3071250, at *4.  "Because the
27 complaint . . . acknowledges that plaintiffs were in negotiations
28 for a loan modification in [July 2012] and the notice of default

7

was not recorded until [October 2012], plaintiffs cannot . . . make a good faith claim for violation of section 2923.5." Thomas v. EMC Mortg., No. 2:13-cv-0715, 2013 WL 2449586, at *2 (E.D. Cal. June 5, 2013) (Delaney, Magistrate J.).

Plaintiff's allegations therefore do not state a claim for violation of section 2923.5, and plaintiffs cannot in good faith amend their pleadings to state such a claim. Plaintiff's claims for wrongful foreclosure and unfair competition based upon a violation of California Civil Code section 2923.5 will accordingly be dismissed with prejudice.

C.  Misrepresentations During the Loan Modification Process

"The elements of negligent misrepresentation under California law are: '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" Argueta v. J.P. Morgan Chase, Civ. No. 2:11-441 WBS GGH, 2011 WL 6012323, at *4 (E.D. Cal. Dec. 1, 2011) (Shubb, J.) (citing Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2d Dist. 2007)).

"In contrast to fraud, negligent misrepresentation does not require knowledge of falsity." Apollo, 158 Cal. App. 4th at 243. A defendant who "makes false statements, honestly believing they are true, but without reasonable ground for such belief . . . may be liable for negligent misrepresentation." Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1055 (9th Cir. 2008). "However, a positive assertion is required; an omission

8

or implied assertion or representation is insufficient." Apollo, 158 Cal. App. 4th at 243.  Furthermore, the alleged misrepresentations must refer to past or existing material facts, rather than "promises regarding future events." Garcia v. Ocwen Loan Servicing, LLC, C 10-0290 PVT, 2010 WL 1881098 at *2 (N.D. Cal. May 10, 2010).

In the mortgage fraud context, California district courts have generally required that negligent misrepresentation be pled with particularity under Rule 9(b).  See, e.g., Villegas v. Wells Fargo Bank, N.A., C 12-02004 LB, 2012 WL 4097747, at * 7 (N.D. Cal. Sept. 17, 2012); Argueta, 2011 WL 6012323 at *4; Mehta v. Wells Fargo Bank, N.A., 737 F. Supp. 2d 1185, 1199 (S.D. Cal. 2010).  But see Petersen v. Allstate Indemnity Co., 281 F.R.D. 413, 418 (C.D. Cal. 2012) (declining to apply Rule 9(b) to claims of negligent misrepresentation in an insurance dispute).  The Ninth Circuit has also applied Rule 9(b)'s pleading requirements to claims that "sound in fraud" under the UCL.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

Under Federal Rule of Civil Procedure 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks and

9

citations omitted)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess, 317 F.3d at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

Here, plaintiff alleges that he requested a loan modification from Wells Fargo and that he was assigned to the "home preservation specialists" Juan Silva and Natalie Rodriguez. (Compl. ¶¶ 22-23.) Silva and Rodriguez requested various financial documents which plaintiff "provided as best he could." (Id. ¶ 24.) During the loan modification process, Wells Fargo allegedly "made multiple statements that the loan would be modified, causing [plaintiff] to justifiably rely on those statements to [his] detriment." (Id. ¶ 73 (emphasis added).) Despite these alleged misrepresentations, plaintiff received a notice of foreclosure. (Id. ¶ 36.)

Plaintiff's negligent misrepresentation claim does not involve the misrepresentation of a past or existing material fact, but instead alleges "promises regarding future events." See Garcia, 2010 WL 1881098 at *2 (plaintiff's allegation that defendant "agreed to continue working for a loan modification that would be approved" was insufficient to support negligent misrepresentation claim because it referred only to future events). In addition, plaintiff does not adequately plead facts "specific enough to give defendants notice of the particular misconduct" regarding plaintiff's conversations with Wells Fargo representatives. Kearns, 567 F.3d at 1124. The facts in support of plaintiff's negligent misrepresentation claim, as well as his UCL claim based on the same allegations, (see Compl. ¶¶ 66 (e) &

10

(f)), do not satisfy Rule 9(b)'s particularity requirement.

The court will accordingly grant Wells Fargo's motion to dismiss plaintiff's negligent misrepresentation and UCL claims based upon alleged misrepresentations during the loan modification process.

D.   <u>Deficient Notice of Sale and Substitution of Trustee</u>

In his opposition brief, plaintiff argues that alleged deficiencies in the notice of sale state a claim for fraudulent business practices under the UCL. (<u>See</u> Compl. §§ 39, 40; Pl.'s Opp'n at 3:27-4:6 (Docket No. 11).)  While the allegations might state a claim under other California statutes, <u>see, e.g.</u>, Cal. Civil Code §§ 2924(b)(2) (providing that the mortgagee, trustee, or other authorized person shall mail a notice of the time and place of sale at least twenty days before the date of sale); 2924f ("The notice of sale shall . . . be recorded with the county recorder . . . at least 20 days prior to the date of sale."), plaintiff fails to explain how a notice that clearly specifies the upcoming sale date is "likely to deceive members of the public" under the fraudulent prong of the UCL.[3]  <u>See</u> <u>Rubio v. Capital One Bank</u>, 613 F.3d 1195, 1204 (9th Cir. 2010) ("As in [the Truth in Lending Act ("TILA")], [the fraudulent] prong of the UCL is governed by the reasonable consumer test: a plaintiff may demonstrate a violation by show[ing] that [reasonable] members of the public are likely to be deceived." (internal quotation marks and citations omitted) (last two alterations in

---

[3]   Plaintiff does not indicate his opposition brief that he is relying upon the UCL's "unlawful" prong. (<u>See</u> Pl.'s Opp'n at 3:25-4:6.)  The court makes no finding as to whether plaintiff's allegations would satisfy that prong.

11

1  original)).

2        The Complaint also implies a claim that plaintiff did
3  not properly receive notice, if notice was even required, when
4  Cal-Western was substituted as trustee for Golden West Savings
5  Association.  (See Compl. ¶¶ 32, 52.)  The Complaint, however,
6  fails to allege adequate facts to support any such claim, and
7  plaintiff's opposition brief fails to explain the basis for the
8  claim.

9        The court will accordingly grant Wells Fargo's motion
10 to dismiss plaintiff's wrongful foreclosure and UCL claims based
11 upon deficiencies in the notice of sale and trustee substitution.

12     E.   <u>Intentional Infliction of Emotional Distress</u>

13       Plaintiff does not object to dismissal of his sixth
14 cause of action for intentional infliction of emotional distress.
15 (Pl.'s Opp'n at 5:17.)  This claim will accordingly be dismissed
16 with prejudice.

17     F.   <u>Leave to Amend</u>

18       While all of plaintiff's claims must be dismissed, the
19 court is not convinced that plaintiff could not amend his
20 pleadings to state claims based upon misrepresentations in the
21 loan origination or modification process; nor is the court
22 convinced that plaintiff cannot state a claim based upon
23 deficiencies in notification.

24       IT IS THEREFORE ORDERED that Wells Fargo's motion to
25 dismiss be, and the same hereby is, GRANTED as to all claims.
26 Plaintiff's claims based upon lack of assignment, violation of
27 California Civil Code section 2923.5, and intentional infliction
28 of emotional distress are DISMISSED WITH PREJUDICE.  Plaintiff's

remaining claims are DISMISSED WITHOUT PREJUDICE.

Plaintiff has twenty days from the date of this Order to file an amended complaint, if he can do so consistent with this Order.

DATED: July 3, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE