UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DOMINIC S. VENTIMIGLIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BAKNK, N.A.; CAL-WESTERN RECONVEYANCE CORPORATION, and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | NO. CIV 13-00953 WBS CMK<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

　　　　Plaintiff Dominic S. Ventimiglia brought this action against Wells Fargo Bank, N.A. ("Wells Fargo"), and Cal-Western Reconveyance Corporation ("Cal-Western") in connection with the foreclosure and possible sale of his home. Wells Fargo now moves to dismiss the First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Wells

1

Fargo moves to strike the FAC pursuant to Rule 12(f).[1]

I.   Factual and Procedural Background

Plaintiff is the owner of real property located at 5131 E. Bonneyview Road, Redding, California ("the Property"). (FAC ¶ 6 (Docket No. 1).) On July 10, 2007, plaintiff allegedly refinanced a loan and obtained $169,000 from World Savings Bank, FSB ("WSB"), secured by a note and deed of trust on the Property. (Id. ¶ 8.) WSB was allegedly later acquired by Wachovia Mortgage, which, in turn, was acquired by defendant Wells Fargo. (Id. ¶ 9.)

On or about April 5, 2011, plaintiff alleges a Wachovia representative named Michael Navarro informed plaintiff that he qualified for a loan modification under the Make Home Affordable Program ("HAMP"). (Id. ¶ 14.) According to plaintiff, Navarro represented that plaintiff's loan principal, interest, and monthly payments would be reduced and the loan term would be extended as long as plaintiff increased insurance coverage on the property. (Id.) Navarro allegedly advised plaintiff that the modification would last for a trial period of three months, becoming permanent if plaintiff made monthly payments on time and submitted a HAMP application. (Id.)

Plaintiff claims he complied with the requirements but that, in October 2011, a Wells Fargo representative informed him that his HAMP application had been rejected and he was in default on the loan. (Id. ¶ 21.) Plaintiff alleges he submitted several

---

[1] Because oral argument would not be of material assistance, the court orders this matter submitted on the briefs pursuant to Eastern District Local Rule 230(g). The hearing set for October 21, 2013 shall be vacated.

1  HAMP applications over the next year and was told each time the
2  application was incomplete or incorrectly deemed withdrawn.  (Id.
3  ¶¶ 21-25.)
4         On October 31, 2012, Cal-Western recorded a Notice of
5  Default, (id. Ex C), and on February 18, 2013, recorded a Notice
6  of Sale.  (Id. Ex. D.)
7         On March 13, 2013, plaintiff filed a Complaint in
8  California Superior Court of the State of California, in and for
9  the County of Shasta, and Wells Fargo removed to federal court on
10 May 13, 2013.  (Docket No. 1.) On July 5, 2013, the court granted
11 Wells Fargo's motion to dismiss.  (Docket No. 18.)  On July 26,
12 2013, plaintiff filed the FAC, bringing claims for (1)
13 declaratory relief, (2) negligent misrepresentation,  and (3)
14 injunctive relief.  (Docket No. 19.)  Wells Fargo now moves to
15 dismiss the FAC for failure to state a claim pursuant to Rule
16 12(b)(6).  (Docket No. 21.)  Alternatively, Wells Fargo moves to
17 strike the FAC as untimely pursuant to Rule 12(f).  (Id.)
18 II.  Legal Standard
19        On a motion to dismiss, the court must accept the
20 allegations in the complaint as true and draw all reasonable
21 inferences in favor of the plaintiff. Scheuer v. Rhodes, 416
22 U.S. 232, 236 (1974), overruled on other grounds by Davis v.
23 Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322
24 (1972).  To survive a motion to dismiss, a plaintiff needs to
25 plead "only enough facts to state a claim to relief that is
26 plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S.
27 544, 570 (2007).  This "plausibility standard," however, "asks
28 for more than a sheer possibility that a defendant has acted

3

unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556-57).

III. Discussion

    A.  Declaratory Relief

Plaintiff's first cause of action seeks a judicial declaration of the "respective rights and duties" of plaintiff and Wells Fargo. (Compl. ¶ 30.) However, "[a] declaratory judgment is not a theory of recovery," but rather "an additional remedy to litigants." Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1181 (E.D. Cal. 2010) (O'Neill, J.) (emphasis in original) (internal quotations omitted). As discussed below, plaintiff's additional causes of action fail to state a claim. "In the absence of a viable claim, the complaint fails to support declaratory relief." Id. Accordingly, the court will grant defendants' motion to dismiss the declaratory relief claim.

    B.  Negligent Misrepresentation

The elements of negligent misrepresentation under California law are: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2d Dist. 2007). The alleged misrepresentations must refer to past or existing material facts rather than "promises regarding future events." Garcia v. Ocwen Loan Servicing, LLC,

4

No. C 10-0290 PVT, 2010 WL 1881098, at *8 (N.D. Cal. May 10, 2010).

   Plaintiff alleges Navarro informed him that he qualified for a loan modification under HAMP and that, accordingly, plaintiff's loan would be modified.  (Compl. ¶ 14.) Plaintiff further alleges Navarro advised that the modification would be for a three-month trial period and that it would become permanent if plaintiff made the next three loan installments on time and submitted a HAMP application to Wachovia.  (Id. ¶ 15.) Plaintiff claims Navarro did not inform him that the modification was contingent on approval of his HAMP application.  (Id. 17.)

   The only alleged statement that regards "past or present material fact" is the statement that plaintiff qualified for a loan modification program.  Plaintiff does not challenge the truth of this statement; instead he argues Navarro falsely promised a permanent loan modification if certain steps were made.  (Id. ¶ 33.)  That promise, however, is a "promise regarding future events," which cannot support a claim for negligent misrepresentation.  Garcia, 2010 WL 1881098, at *8.  To the extent plaintiff challenges Navarro's failure to disclose that the loan modification was contingent on approval of his HAMP application, an omission is not an actionable misrepresentation. Wilson v. Household Fin. Corp., No. CIV S-12-1413 KJM AC, 2013 WL 1310589, at *4 (E.D. Cal. Mar. 28, 2013) (citing Yanase v. Auto. Club of So. Cal., 212 Cal. App. 3d 468, 473 (4th Dist. 1989)).

   Plaintiff, therefore, fails to allege any "misrepresentation of a past or existing material fact."  Apollo Capital Fund, 158 Cal. App. 4th at 243.  Accordingly, the court

5

will grant defendant's motion to dismiss the negligent misrepresentation claim.

    C. <u>Injunctive Relief</u>

Under California law, requests for injunctive relief have been consistently classified as remedies and not valid causes of action in their own rights. See, e.g., <u>Shell Oil Co. v. Richter</u>, 52 Cal. App. 2d 164, 168 (4th Dist. 1942) ("Injunctive relief is a remedy and not, in itself, a cause of action."). Like plaintiff's claim for declaratory judgment, plaintiff's claim for injunctive relief cannot stand in the absence of a successful underlying claim. Because plaintiff's claim of negligent misrepresentation fails, the court will dismiss the separate claim for injunctive relief.[2]

    D. <u>Leave to Amend</u>

Although leave to amend must be freely given, the court is not required to allow futile amendments. See <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992). Because the court has already permitted plaintiff to amend his pleadings and it appears that plaintiff is unable to state a viable claim against defendants, all claims will be dismissed with prejudice and without leave to amend.

---

[2] Plaintiff's claims for equitable relief additionally fail because plaintiff does not allege tender. "An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes." <u>Saldate v. Wilshire Credit Corp.</u>, 686 F. Supp. 2d 1051, 1060 (E.D. Cal. 2010) (O'Neill, J.) (quoting <u>Karlsen v. Am. Sav. & Loan Assn.</u>, 15 Cal. App. 3d 112, 117 (2d Dist. 1971)). Plaintiff's allegations that he is willing to perform under the terms of the loan modification, (Compl. ¶ 27), do not constitute full tender.

1            IT IS THEREFORE ORDERED that defendant's motion to
2    dismiss be, and the same hereby is, GRANTED.
3            The Clerk of the Court is directed to enter a judgment
4    of dismissal in accordance with this Order and close the file.
5    Dated:  October 18, 2013

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE