1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   DOMINIC S. VENTIMIGLIA,            NO. CIV 13-00953 WBS CMK

13              Plaintiff,

14        v.                           MEMORANDUM AND ORDER RE:
                                       MOTION TO DISMISS
15   WELLS FARGO BAKNK, N.A.; CAL-
     WESTERN RECONVEYANCE
16   CORPORATION, and DOES 1 through
     20, inclusive,
17
                Defendants.
18

19

20                          ----oo0oo----

21        Plaintiff Dominic S. Ventimiglia brought this action

22   against Wells Fargo Bank, N.A. ("Wells Fargo"), and Cal-Western

23   Reconveyance Corporation ("Cal-Western") in connection with the

24   foreclosure and possible sale of his home.  Wells Fargo now moves

25   to dismiss the First Amended Complaint ("FAC") for failure to

26   state a claim upon which relief can be granted pursuant to

27   Federal Rule of Civil Procedure 12(b)(6).  Alternatively, Wells

28
                                  1

1  Fargo moves to strike the FAC pursuant to Rule 12(f).[1]

2  I.   Factual and Procedural Background

3       Plaintiff is the owner of real property located at 5131

4  E. Bonneyview Road, Redding, California ("the Property").  (FAC ¶

5  6 (Docket No. 1).)  On July 10, 2007, plaintiff allegedly

6  refinanced a loan and obtained $169,000 from World Savings Bank,

7  FSB ("WSB"), secured by a note and deed of trust on the Property.

8  (Id. ¶ 8.)  WSB was allegedly later acquired by Wachovia

9  Mortgage, which, in turn, was acquired by defendant Wells Fargo.

10 (Id. ¶ 9.)

11      On or about April 5, 2011, plaintiff alleges a Wachovia

12 representative named Michael Navarro informed plaintiff that he

13 qualified for a loan modification under the Make Home Affordable

14 Program ("HAMP").  (Id. ¶ 14.)  According to plaintiff, Navarro

15 represented that plaintiff's loan principal, interest, and

16 monthly payments would be reduced and the loan term would be

17 extended as long as plaintiff increased insurance coverage on the

18 property.  (Id.)  Navarro allegedly advised plaintiff that the

19 modification would last for a trial period of three months,

20 becoming permanent if plaintiff made monthly payments on time and

21 submitted a HAMP application.  (Id.)

22      Plaintiff claims he complied with the requirements but

23 that, in October 2011, a Wells Fargo representative informed him

24 that his HAMP application had been rejected and he was in default

25 on the loan.  (Id. ¶ 21.)  Plaintiff alleges he submitted several

26

27      [1]   Because oral argument would not be of material
   assistance, the court orders this matter submitted on the briefs
   pursuant to Eastern District Local Rule 230(g).  The hearing set
28 for October 21, 2013 shall be vacated.

1   HAMP applications over the next year and was told each time the

2   application was incomplete or incorrectly deemed withdrawn.  (Id.

3   ¶¶ 21-25.)

4          On October 31, 2012, Cal-Western recorded a Notice of

5   Default, (id. Ex C), and on February 18, 2013, recorded a Notice

6   of Sale.  (Id. Ex. D.)

7          On March 13, 2013, plaintiff filed a Complaint in

8   California Superior Court of the State of California, in and for

9   the County of Shasta, and Wells Fargo removed to federal court on

10  May 13, 2013.  (Docket No. 1.) On July 5, 2013, the court granted

11  Wells Fargo's motion to dismiss.  (Docket No. 18.)  On July 26,

12  2013, plaintiff filed the FAC, bringing claims for (1)

13  declaratory relief, (2) negligent misrepresentation,  and (3)

14  injunctive relief.  (Docket No. 19.)  Wells Fargo now moves to

15  dismiss the FAC for failure to state a claim pursuant to Rule

16  12(b)(6).  (Docket No. 21.)  Alternatively, Wells Fargo moves to

17  strike the FAC as untimely pursuant to Rule 12(f).  (Id.)

18  II.  Legal Standard

19         On a motion to dismiss, the court must accept the

20  allegations in the complaint as true and draw all reasonable

21  inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416

22  U.S. 232, 236 (1974), overruled on other grounds by Davis v.

23  Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

24  (1972).  To survive a motion to dismiss, a plaintiff needs to

25  plead "only enough facts to state a claim to relief that is

26  plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S.

27  544, 570 (2007).  This "plausibility standard," however, "asks

28  for more than a sheer possibility that a defendant has acted

1    unlawfully," and where a complaint pleads facts that are "merely

2    consistent with" a defendant's liability, it "stops short of the

3    line between possibility and plausibility." Ashcroft v. Iqbal,

4    556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556–57).

5    III. Discussion

6        A.   Declaratory Relief

7            Plaintiff's first cause of action seeks a judicial

8    declaration of the "respective rights and duties" of plaintiff

9    and Wells Fargo.  (Compl. ¶ 30.)  However, "[a] declaratory

10   judgment is not a theory of recovery," but rather "an additional

11   remedy to litigants."  Hamilton v. Bank of Blue Valley, 746 F.

12   Supp. 2d 1160, 1181 (E.D. Cal. 2010) (O'Neill, J.) (emphasis in

13   original) (internal quotations omitted).  As discussed below,

14   plaintiff's additional causes of action fail to state a claim.

15   "In the absence of a viable claim, the complaint fails to support

16   declaratory relief."  Id.  Accordingly, the court will grant

17   defendants' motion to dismiss the declaratory relief claim.

18       B.   Negligent Misrepresentation

19           The elements of negligent misrepresentation under

20   California law are: "(1) the misrepresentation of a past or

21   existing material fact, (2) without reasonable ground for

22   believing it to be true, (3) with intent to induce another's

23   reliance on the fact misrepresented, (4) justifiable reliance on

24   the misrepresentation, and (5) resulting damage."  Apollo Capital

25   Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226,

26   243 (2d Dist. 2007).  The alleged misrepresentations must refer

27   to past or existing material facts rather than "promises

28   regarding future events."  Garcia v. Ocwen Loan Servicing, LLC,

4

1  No. C 10-0290 PVT, 2010 WL 1881098, at *8 (N.D. Cal. May 10,

2  2010).

3          Plaintiff alleges Navarro informed him that he

4  qualified for a loan modification under HAMP and that,

5  accordingly, plaintiff's loan would be modified.  (Compl. ¶ 14.)

6  Plaintiff further alleges Navarro advised that the modification

7  would be for a three-month trial period and that it would become

8  permanent if plaintiff made the next three loan installments on

9  time and submitted a HAMP application to Wachovia.  (Id. ¶ 15.)

10 Plaintiff claims Navarro did not inform him that the modification

11 was contingent on approval of his HAMP application.  (Id. 17.)

12         The only alleged statement that regards "past or

13 present material fact" is the statement that plaintiff qualified

14 for a loan modification program.  Plaintiff does not challenge

15 the truth of this statement; instead he argues Navarro falsely

16 promised a permanent loan modification if certain steps were

17 made.  (Id. ¶ 33.)  That promise, however, is a "promise

18 regarding future events," which cannot support a claim for

19 negligent misrepresentation.  Garcia, 2010 WL 1881098, at *8.  To

20 the extent plaintiff challenges Navarro's failure to disclose

21 that the loan modification was contingent on approval of his HAMP

22 application, an omission is not an actionable misrepresentation.

23 Wilson v. Household Fin. Corp., No. CIV S-12-1413 KJM AC, 2013 WL

24 1310589, at *4 (E.D. Cal. Mar. 28, 2013) (citing Yanase v. Auto.

25 Club of So. Cal., 212 Cal. App. 3d 468, 473 (4th Dist. 1989)).

26         Plaintiff, therefore, fails to allege any

27 "misrepresentation of a past or existing material fact."  Apollo

28 Capital Fund, 158 Cal. App. 4th at 243.  Accordingly, the court

1  will grant defendant's motion to dismiss the negligent

2  misrepresentation claim.

3        C.   Injunctive Relief

4              Under California law, requests for injunctive relief

5  have been consistently classified as remedies and not valid

6  causes of action in their own rights.  See, e.g., Shell Oil Co.

7  v. Richter, 52 Cal. App. 2d 164, 168 (4th Dist. 1942)

8  ("Injunctive relief is a remedy and not, in itself, a cause of

9  action.").  Like plaintiff's claim for declaratory judgment,

10  plaintiff's claim for injunctive relief cannot stand in the

11  absence of a successful underlying claim.  Because plaintiff's

12  claim of negligent misrepresentation fails, the court will

13  dismiss the separate claim for injunctive relief.[2]

14        D.   Leave to Amend

15              Although leave to amend must be freely given, the court

16  is not required to allow futile amendments.  See DeSoto v. Yellow

17  Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).  Because

18  the court has already permitted plaintiff to amend his pleadings

19  and it appears that plaintiff is unable to state a viable claim

20  against defendants, all claims will be dismissed with prejudice

21  and without leave to amend.

22

23        [2]   Plaintiff's claims for equitable relief additionally
   fail because plaintiff does not allege tender.  "An action to set
24  aside a foreclosure sale, unaccompanied by an offer to redeem,
   does not state a cause of action which a court of equity
25  recognizes."  Saldate v. Wilshire Credit Corp., 686 F. Supp. 2d
   1051, 1060 (E.D. Cal. 2010) (O'Neill, J.) (quoting Karlsen v.
26  Am. Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (2d Dist. 1971)).
   Plaintiff's allegations that he is willing to perform under the
27  terms of the loan modification, (Compl. ¶ 27), do not constitute
28  full tender.

6

1              IT IS THEREFORE ORDERED that defendant's motion to

2    dismiss be, and the same hereby is, GRANTED.

3              The Clerk of the Court is directed to enter a judgment

4    of dismissal in accordance with this Order and close the file.

5    Dated:  October 18, 2013

6

7    WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7